IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD JOSE DUPREE, JR.,

    Plaintiff,                      No. 2:11-cv-1506 KJN P

    vs.

INTERNATIONAL
TELECOMMUNICATIONS SATELLITE
ORGANIZATION, et al.,

    Defendants.                ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

1

trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

On June 3, 2011, plaintiff filed a seven page complaint on the form used by the Fresno Division of the Eastern District of California. (Dkt. No. 1.) However, on June 16, 2011, plaintiff filed a five page complaint, naming two of the same defendants, but raising different allegations. Plaintiff claims this complaint is a "supplement" to 2:11-cv-1506 KJN. (Dkt. No. 4 at 2.) Plaintiff is advised that this action may proceed on only one complaint. Accordingly, both complaints will be dismissed, and plaintiff will be granted leave to file an amended complaint that raises all of the claims and allegations he wishes to pursue in this action, and on the form used by the Sacramento Division of the Eastern District. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim. Id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

1  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

2  participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266,

3  268 (9th Cir. 1982).

4          In addition, plaintiff is hereby informed that the court cannot refer to a prior

5  pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

6  an amended complaint be complete in itself without reference to any prior pleading.  This

7  requirement exists because, as a general rule, an amended complaint supersedes the original

8  complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

9  complaint, the original pleading no longer serves any function in the case.  Therefore, in an

10  amended complaint, as in an original complaint, each claim and the involvement of each

11  defendant must be sufficiently alleged.

12          Finally, the court notes that plaintiff has filed eighteen previous lawsuits in this

13  district.[1]  Plaintiff is cautioned that he should not include any allegation raised in prior actions

14  filed in this district in any amended complaint filed herein.

15          In accordance with the above, IT IS HEREBY ORDERED that:

16          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

17          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

18  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

19  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

20  Director of the California Department of Corrections and Rehabilitation filed concurrently

21  herewith.

22          3.  Plaintiff's complaint is dismissed.

23          4.  Within thirty days from the date of this order, plaintiff shall complete the

---

[1] A court may take judicial notice of court records.  <u>See, e.g.</u>, <u>Bennett v. Medtronic, Inc.</u>, 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

4

1 attached Notice of Amendment and submit the following documents to the court:

2       a. The completed Notice of Amendment; and

3       b. An original and one copy of the Amended Complaint.

4 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

5 Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

6 also bear the docket number assigned to this case and must be labeled "Amended Complaint."

7 Failure to file an amended complaint in accordance with this order may result in the dismissal of

8 this action.

9      5. The Clerk of the Court is directed to send plaintiff the form for filing a civil

10 rights complaint pursuant to 42 U.S.C. § 1983.

11 DATED: June 21, 2011

13 _____
KENDALL J. NEWMAN

14 UNITED STATES MAGISTRATE JUDGE

15 dupr1506.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD JOSE DUPREE, JR.,

     Plaintiff,                        No. 2:11-cv-1506 KJN P

     vs.

INTERNATIONAL TELECOMMUNICATIONS SATELLITE ORGANIZATION, et al.,        NOTICE OF AMENDMENT

     Defendants.

_____/

     Plaintiff hereby submits the following document in compliance with the court's order filed _____:

     _____     Amended Complaint

DATED:

                                                   _____
                                                   Plaintiff